SILBERMAN, Judge.
 

 Judah Hungerman appeals a final declaratory judgment entered in favor of Nationwide Mutual Fire Insurance Company. He challenges the circuit court’s determination that he must submit to an examination under oath, that he must produce records to Nationwide, and that Nationwide is entitled to reserve its rights under the applicable insurance policy. We affirm.
 

 Hungerman was involved in a motor vehicle accident on July 20, 2006. He made a claim for personal injury protection (PIP) benefits under a policy issued by Nationwide to Hungerman’s employer. Nationwide paid Hungerman PIP benefits until he exhausted that coverage. Nationwide then sought to take Hungerman’s examination under oath (EUO) and to obtain a release for medical records in order to investigate its potential liability under the uninsured motorist (UM) provisions of the policy. In April 2007, Nationwide sent a letter to Hungerman reiterating its need to investigate and indicating that the investigation was subject to Nationwide’s right to later deny coverage.
 

 In July 2007, Hungerman filed a declaratory judgment action against Nationwide. He alleged that because he had not made a written claim to Nationwide under the UM portion of the policy, he was not obligated to submit to an EUO and Nationwide had no basis to reserve its rights. He also requested an order directing Nationwide to “cease and desist in sending its harassing and unauthorized letters” and requested an award of attorney’s fees. Hunger-man filed a motion for summary judgment, to which Nationwide responded. At the hearing on the motion, Hungerman acknowledged that the case involved inter
 
 *1013
 
 pretation of the insurance policy. He argued that because there were no disputed factual issues, summary judgment should be entered either in his or Nationwide’s favor, resolving the legal issues.
 

 Following the hearing, the circuit court entered two orders, one denying Hunger-man’s request for judgment in his favor and the other constituting a final judgment in Nationwide’s favor. The court determined that Hungerman was an “insured driver” under the policy; that the policy provided, among other types of coverage, PIP and UM coverage; and that even in the absence of a separate written claim by Hungerman for UM coverage, the policy provisions obligated Hungerman to submit to an EUO and to produce records and permitted Nationwide to reserve its rights.
 

 Our review of the circuit court’s interpretation of the subject policy is de novo.
 
 See Amica Mut Ins. Co. v. Drummond,
 
 970 So.2d 456, 459 (Fla. 2d DCA 2007). We conclude that the circuit court did not err in its interpretation of the policy language and its determination of Hunger-man’s obligations and Nationwide’s rights under the policy. As to Hungerman’s contention that Nationwide’s conduct (seeking an EUO and medical records and reserving its rights) constituted harassment and was unauthorized, the record does not establish that Nationwide failed to abide by the reasonableness provisions set forth in its policy or that it engaged in unfair claim settlement practices.
 
 See
 
 §§ 624.155(1)(a)(1), 626.9541(1)(i), Fla. Stat. (2007). Accordingly, we affirm the final judgment in all respects.
 

 Affirmed.
 

 NORTHCUTT and LaROSE, JJ., Concur.